IN RE PITTS ET AL.

(No. 86-CA-22—Decided
April 2, 1987.)

*Michael D. Schlemmer,* for appellant Children Services Unit, Knox County Department of Human Services.

*Bruce J. Malek,* assistant county public defender, for appellees Charles and Priscilla Bell.

*James A. Giles,* for appellee Deborah McDonald.

*Cynthia Barbour,* guardian ad litem, for Malisha and Thomas Pitts.

WISE, J. The appellant, the Children Services Unit of the Knox County Department of Human Services, appeals from the judgment of the Court of Common Pleas of Knox County, Juvenile Division, which dismissed its amended complaint requesting the permanent custody of Malisha and Thomas Pitts.

The appellant raises the following four assignments of error:

Assignment of Error No. I

"The court erred as a matter of law in considering dispositional matters and issues at adjudication, and in particular in ruling that the dispositional alternative sought is relevant to

resolution of the issues presented at adjudication."

Assignment of Error No. II

"The court erred as a matter of law in ruling that an adjudication of abuse cannot be entered in the absence of a finding of parental or custodial fault where the evidence is clear and convincing that the child has been abused."

Assignment of Error No. III

"The court's finding that the injuries to Malisha were consistent with the explanation of Priscilla Bell is against the manifest weight of the evidence."

Assignment of Error No. IV

"The court's finding that Malisha and Thomas Pitts are not dependent children is against the manifest weight of the evidence."

Deborah McDonald is the mother of both Malisha and Thomas Pitts. Dennis Pitts is the father whose present location is unknown. The two were never married, living together for approximately a year. In March or April 1984, the mother became nervous and emotionally unable to care for her children and placed them, in succession, with their father, their paternal grandmother, and finally, in August 1984, with Charles and Priscilla Bell. The children resided with the Bells until coming into the custody of appellant in October 1985, some fourteen months later. Priscilla Bell is the maternal aunt of the children. Neither child has been in the care of either natural parent since sometime in the spring of 1984. According to the mother's testimony, neither parent has supported the children since 1984.

In September 1984, the Bells obtained temporary custody of Malisha and Thomas in an R.C. 2151.23(A)(2) proceeding in Muskingum County where the parties lived at that time.

On October 28, 1985, Priscilla Bell took Malisha to the Kno-ho-co Day Care Center in Knox County. A worker at the day care center observed that Malisha had been injured and was in need of medical care at the time. The appellant was notified and took the child into emergency protective custody. Malisha was four years and four months old at the time and she had many visible scrapes and bruises, as well as five separate and distinct fractures. A representative of appellant discussed the injuries with Priscilla Bell. Appellant, being dissatisfied with Priscilla's explanation as to how the injuries had occurred, sought, and was granted, emergency custody of Malisha. A proceeding was then initiated upon oral motion by counsel for appellant for a Juv. R. 7 shelter-care hearing as a result of appellant's having taken Malisha into emergency shelter care. An award of emergency custody was made on October 29, 1985, and that order was journalized on November 4, 1985.

A complaint alleging abuse and dependency pursuant to R.C. 2151.031 (C) and 2151.04(C) was filed on October 31, 1985, requesting temporary custody. Following various other motions and proceedings, on February 5, 1986, an amended complaint was filed by appellant alleging abuse and dependency of Malisha and also alleging dependency of her brother, Thomas, and requesting permanent custody of both children. An entry was filed by the trial court on August 19, 1986 finding that neither Malisha nor Thomas was an abused or dependent child and dismissing the amended complaint, leaving the children in the custody of the Bells.

On August 20, 1986, the appellant filed a motion for reconsideration. This motion was followed by a motion for stay of the dismissal pending reconsideration or appeal, and by a request for written findings of fact and conclu-

sions of law. On August 26, 1986, the foregoing motions were denied by a judgment entry of the trial court.

## I

Appellant contends in its first assignment of error that the trial court erred in considering dispositional matters as factors in the determination of the issues in the adjudication phase. Appellant specifically objects to the fact that the court considered the dispositional remedy sought by appellant as relevant to the issues in the adjudication phase of the proceedings.

The trial court stated the following in its entry of August 19, 1986:

"For the Court to make a finding in this action, it must find by clear and convincing evidence that Malisha Pitts is an abused child or a dependent child under the law, and that Tommy Pitts is a dependent child under the law. With such a finding made, then the Court could move to a disposition hearing.

"The complicating factor in this case is who has to do the abusing and who must be responsible for or permit the dependency, in order for the Court to make such findings.

"* * *

"* * * It is this Court's thinking in this instance unless it can be shown that the mother knew of the abusive history and nature of [the] Bell parties when she made the placement, only then could the Court find her at fault and make a finding that Malisha is an abused child. The mother, who is named in this action and from [whom] the permanent custody of the child will be removed[,] and her parental rights terminated, was not shown by the evidence involved in the abuse, even to the extent mentioned above[.] It is this court's belief that it cannot, under the evidence presented, make a finding that Malisha is an abused child.

"* * *

"In a dependency action, unlike abuse and neglect [actions], it is not necessary to make a finding of fault. However, the child must qualify under the law as a dependent child as it relates to its parents. It must always be remembered that we are just not presenting moot court cases in these actions but the case is presented to remove and terminate the custody of the mother, Debra [sic] McDonald. Thus a dependency must relate, if not by fault, to some action of hers."

The appellant contends that by failing to bifurcate the determination of issues presented in the case at bar, as required by law, the trial court committed fundamental error which resulted in prejudice to appellant's efforts to protect the children. We agree.

The trial court has a genuine and praiseworthy concern for the protection of the rights of the natural parents. We applaud this concern and we appreciate the dilemma that faces trial courts in these determinations. See *In re James* (Aug. 18, 1986), Stark App. No. CA-6843, unreported.

However, at the adjudicatory phase of the proceedings, the focus of a charge that a child is dependent is on the child and his conditions and not on fault. *In re Bibb* (1980), 70 Ohio App. 2d 117, 24 O.O. 3d 159, 435 N.E. 2d 96. A finding of dependency must be rooted upon the question of whether the child is receiving proper care. *In re Campbell* (1983), 13 Ohio App. 3d 34, 36, 13 OBR 36, 38, 468 N.E. 2d 93, 96; *In re Luke* (Jan. 13, 1984), Coshocton App. No. 83-CA-09, unreported, at 9. A "dependent child," pursuant to R.C. 2151.04, is any child:

"(A) Who is homeless or destitute or without proper care or support, through no fault of his parents, guardian, or custodian;

"(B) Who lacks proper care or support by reason of the mental or physical condition of his parents, guardian, or custodian;

"(C) Whose condition or environment is such as to warrant the state, in

the interests of the child, in assuming his guardianship."

As to the definition of an "abused child," see our discussion of the second assignment of error, *infra*.

It is clear that the law requires the proceedings in such a case to be bifurcated into separate adjudicatory and dispositional hearings because the issues raised and the procedures used at each hearing differ. *In re Baby Girl Baxter* (1985), 17 Ohio St. 3d 229, 17 OBR 469, 479 N.E. 2d 257, paragraph one of the syllabus.

"* * * The issue at the adjudicatory stage of a dependency case is whether petitioner has proven, by clear and convincing evidence, that the child is in fact dependent. * * *" *Id.* at 233, 17 OBR at 472, 479 N.E. 2d at 260. See, also, *In re Haven-Johnson Children* (Apr. 23, 1985), Knox App. No. 84-CA-22, unreported.

The trial court must focus upon whether the child has been proven to be dependent (or abused) during this stage of the proceedings, and must not allow the dispositional issues to dominate the determination of dependency (or abuse).

After a child has been adjudicated dependent, neglected or abused, and a disposition is to be made pursuant to R.C. 2151.353, the trial court has four options:

"(1) Permit the child to remain with his parents, guardian, or other custodian, subject to such conditions and limitations as the court prescribes, including supervision as directed by the court for the protection of the child;

"(2) Commit the child to the temporary custody of the department of human services, a county department of human services which has assumed the administration of child welfare, county children services board, any other certified organization, either parent or a relative residing within or outside the state, or a probation officer for placement in a certified foster home;

"(3) Commit the child to the temporary custody of any institution or agency in this state or another state authorized and qualified to provide the care, treatment, or placement that the child requires;

"(4) Commit the child to the permanent custody of the county department of human services which has assumed the administration of child welfare, county children services board, or to any other certified organization, if the court determines that the parents have acted in such a manner that the child is a child without adequate parental care, it is likely that the parents would continue to act in such a manner that the child will continue to be a child without adequate parental care if a reunification plan were prepared pursuant to section 2151.412 of the Revised Code, and the permanent commitment is in the best interests of the child. * * *"

It is at this point that the trial court must consider the state's request for permanent custody and determine if it is appropriate.

Accordingly, we sustain appellant's first assignment of error, having found that the trial court erred in considering dispositional matters and issues at the adjudication phase and in the ruling that the disposition alternative sought by the appellant was relevant to the resolution of the issues presented at adjudication.

II

Appellant contends, in its second assignment of error, that the trial court erred in ruling that a finding of abuse cannot be entered in the absence of a finding of parental or custodial fault.

R.C. 2151.031 defines an "abused child" as any child who:

"(A) Is the victim of 'sexual activity' as defined under Chapter 2907. of the Revised Code, where such activity would constitute an offense under that chapter, except that the court need not find that any person has been convicted of the offense in order to find that the child is an abused child;

"(B) Is endangered as defined in section 2919.22 of the Revised Code, except that the court need not find that any person has been convicted under that section in order to find that the child is an abused child;

"(C) Exhibits evidence of any injury or death, inflicted other than by accidental means, or an injury or death which is at variance with the history given of it, except that a child exhibiting evidence of corporal punishment or other physical disciplinary measure by a parent, guardian, custodian, person having custody or control, or person in loco parentis of a child is not an abused child under this division if the measure is not prohibited under section 2919.22 of the Revised Code."

The statute makes no reference to parental fault. All that is necessary is that the child be a victim, regardless of who is responsible for the abuse. The focus is upon harm to the child, not upon parental or custodial blameworthiness. It has been argued that such a focus will enhance family autonomy. See Areen, Intervention Between Parent and Child: A Reappraisal of the State's Role in Child Neglect and Abuse Cases (1975), 63 Geo. L.J. 887, 917-920.

The legislature has attempted to provide more protection for children by the enactment of an abuse statute that is fault-neutral. Thus, its application is similar to that of the dependent child statute, R.C. 2151.04. During the adjudicatory phase of the proceedings, the trial court does not have to find any fault on the part of a parent, guardian or custodian in order to find that the child is "abused" pursuant to the plain meaning of R.C. 2151.031.

Therefore, we sustain appellant's second assignment of error.

## III & IV

Due to our sustaining of appellant's first and second assignments of error and the resulting remand, we do not find that it is necessary to rule upon appellant's third and fourth assignments of error.

Accordingly, having sustained appellant's first and second assignments of error, we reverse the judgment of the Court of Common Pleas of Knox County, Juvenile Division, and remand this case for further proceedings in accordance with law.

*Judgment reversed and cause remanded.*

PUTMAN, P.J., concurs.

MILLIGAN, J., concurs separately.

MILLIGAN, J., concurring separately. I concur with the majority opinion on the second assignment of error and the judgment of reversal. However, I would overrule the first assignment of error as not being supported by the record. The case was dismissed and disposition was never reached.