I must respectfully dissent from the decision of the majority because I find that the trial court erred in finding that Dru was not an abused child. Moreover, I conclude that the trial court inappropriately considered issues of fault in deciding whether the child was abused.
Proceedings for child abuse and dependency are bifurcated into two separate hearings: adjudicatory and dispositional. R.C.2151.35. At the adjudicatory hearing, the only issue for consideration by the trial court is whether the child is abused.In re Pitts, 38 Ohio App.3d 1, 5. The focus of the trial court must be upon whether there is harm to the child, not upon "parental or custodial blameworthiness." Id. "All that is necessary is that the child be a victim, regardless of who is responsible for the abuse." Id.
R.C. 2151.031 provides in part that an abused child includes any child who "exhibits evidence of any physical or mental injury or death, inflicted other than by accidental means, or an injury or death which is at variance with the history given of it." (Emphasis added.) At the adjudicatory hearing, there must be clear and convincing proof that the child is abused. See R.C.2151.35(A). Clear and convincing evidence has been defined as:
 *** [T]hat measure or degree of proof which is more than a mere "preponderance of the evidence," but not to the extent of such certainty as is required "beyond a reasonable doubt" in criminal cases, and which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.
 Cincinnati Bar Ass'n. v. Massengale (1991), 58 Ohio St.3d 121, 122, quoting Cross v. Ledford (1954), 161 Ohio St. 469, paragraph three of the syllabus.
It is uncontroverted that Dru was recovering from four fractured ribs as revealed by x-rays. It is also undisputed that these injuries occurred when the infant was between five and seven weeks old. Dr. Gouldin testified that broken ribs in a baby are rare and, in fact, are usually consistent with abuse. Dr. Gouldin indicated that the injuries to Dru were consistent with either squeezing or forcefully shaking the child. The trial court found that this testimony was consistent with the information gathered by Deputy Lester and Doug Estes from doctors and staff at Children's Medical Center. Moreover, Dr. Gouldin testified and the trial court found that none of the hypothetical incidents similar to those suggested as possible reasons for the injuries by the mother were consistent with Dru's injuries.
The trial court also found that the injuries to Dru were at variance with any history provided as an explanation of the injury. Furthermore, the trial court concluded that "more likely than not that [Dru] is an abused child."
The evidence reveals that there was ample evidence to provide "in the mind of the trier of facts a firm belief or conviction" that Dru is an abused child. Indeed, the trial court's own statements demonstrate a firm belief that Dru is an abused child. Even the trial court's conclusion that Dru's injuries were at variance with the child's history mandates a finding of abuse under the plain language of R.C. 2151.031(B). Yet, in a conclusory fashion, the majority states that it finds sufficient credible evidence to support that trial court's determination that Dru was not an abused child, but fails to elaborate on exactly what that evidence is.
A careful review of the trail court's decision also demonstrates that the trial court inappropriately interjected considerations of fault into the adjudicatory hearing. The trial court's decision is replete with observations that focus on parental or custodial blameworthiness:
 Deputy Lester interviewed several people during the course of his investigation, including the Child's mother, his father, his father's girlfriend, his maternal grandmother, and his paternal grandfather. There is no evidence that any of these persons ever observed any of the others behaving questionably or inappropriately toward the Child. He further testified that there was no indication anyone had ever seen the mother being abusive to the Child . . .
 The Court notes that several people besides the mother had access to the Child during the time when Dr. Gouldin believed the injury occurred.
 This interjection of issues of blameworthiness is inappropriate since the adjudicatory hearing must focus only on the harm to the child. Although, the right to rear a child is an essential and basic civil right that must be afforded every procedural and substantive protection, In Re Hayes (1997), 79 Ohio St.3d 46, 48, strict adherence to the bifurcation of adjudicatory and dispositional hearings under R.C. 2151.35 does not frustrate that right. In fact, following the procedures not only protects the rights of parents, but also provides the added measure of protection for the child.
Therefore, I dissent and would reverse the decision of the trial court.