The appellant, Tiffany Henderson, appeals the decision of the Common Pleas Court of Allen County, Juvenile Division, granting permanent custody of her son, Elijahwa Hogan, to the Allen County Children Services Board (ACCSB), and thereby terminating all of her parental rights, responsibilities, and obligations. For the following reasons, we hereby affirm the judgment of the trial court.
On December 14, 1999, the appellant's 2 months and 16 days old son, Elijahwa, was admitted to St. Rita's Medical Center in Lima. The child was suffering from multiple serious injuries including a tongue laceration, spiral fracture to the left femur, bilateral retinal hemorrhages, and chronic and acute bilateral subdural hematomas. The child was lethargic, developed seizures, and required a blood transfusion due to his life-threatening injuries. Ultimately, Elijahwa was diagnosed with shaken baby syndrome. Because the nature of the injuries was so indicative of child abuse, a shelter hearing was held that same day, at which the court placed the child in shelter care with the ACCSB.
Elijahwa's abuser has never been conclusively identified. On the day that he received his injuries, he was at the home of a babysitter for an extended period of time. Subsequently, he was with both parents and then alone with each of them. Based on a time frame provided by Dr. John Liggett, Elijahwa was alone with each of these individuals during the period when the injuries could have occurred. No one has come forward to claim responsibility.
An adjudicatory hearing was held on March 3, 2000. The dispositional hearing commenced on the same date. At that time the parties stipulated that Elijahwa was a dependant and abused child, but neither the mother nor the father acknowledged either that they were the perpetrator of the physical abuse or that they had knowledge of the perpetrator's identity. At the second part of the disposition hearing, held on March 27, 2000, the parties entered into a stipulation that granted temporary custody to the ACCSB and further stipulated that the same was in the child's best interest.
Subsequent to the adjudicatory hearing, various motions were filed in this case. On March 22, 2000, Elijahwa's maternal great grandmother entered an appearance in the case and requested guardianship and custody of the child. The appellant filed a motion to modify and requested that the court return the minor child to her protective supervision on September 11, 2000. Finally, on October 20, 2000, the ACCSB filed a motion requesting permanent custody of Elijahwa.
The court held several hearings on the various pending motions. On October 17, 2001, the court entered judgment granting the motion made by ACCSB and denying all other motions. By that judgment entry, ACCSB was given permanent custody of Elijahwa and all parental rights, responsibilities, and obligations of the appellant and the child's father, Edward Hogan, were terminated. It is from this judgment that the appellant appeals, asserting one assignment of error for our review.
 ASSIGNMENT OF ERROR The trial court's decision granting the Allen County Childrens [sic] Services Board permanent custody of the minor child was against the manifest weight of the evidence.
The appellant asserts that the trial court erred by granting ACCSB permanent custody of her minor child, Elijahwa, because said ruling was against the manifest weight of the evidence. Based on the following, we disagree with the appellant.
Trial courts employ the "clear and convincing evidence" standard of proof in a permanent custody proceeding.[1] Where the proof required must be clear and convincing, an appellate court must examine the record to determine whether the trier of fact had sufficient evidence before it to satisfy the requisite degree of proof.[2] "Clear and convincing evidence" is "that measure or degree of proof which is more than a mere `preponderance of the evidence,' but not to the extent of such certainty as is required `beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of fact a firm belief or conviction as to the facts sought to be established."[3]
An appellate court should not substitute its judgment for that of the trial court when competent and credible evidence going to all the essential elements of the case exists.[4] This standard of review is used by appellate courts in reviewing awards of permanent custody of children to children services agencies.[5] It is not the role of a reviewing court to reweigh the evidence, rather, we must affirm judgments supported by competent, credible evidence:
 The underlying rationale of giving deference to the findings of the trial court rests with the knowledge that the trial judge is best able to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony.[6]
R.C. 2151.414 details the determinations that must be made in order for a court to grant a motion for permanent custody. The portion of that statute that is relevant herein states:
 (B)(1)(a) * * * [T]he court may grant permanent custody of a child to a movant if the court determines at a hearing held pursuant to division (A) of this section, by clear and convincing evidence, that it is in the best interest of the child to grant permanent custody of the child to the agency that filed the motion for permanent custody and that any of the following apply:
 (a) The child is not abandoned or orphaned or has not been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999, and the child cannot be placed with either of the child's parents within a reasonable time or should not be placed with the child's parents.[7]
The statute further requires that, for purposes of a permanent custody determination pursuant to a division (A) hearing, the court must consider all relevant evidence. Furthermore, in order to find under division (B)(1)(a) that the child cannot be placed with either parent within a reasonable time or should not be placed with either parent, the court must find by clear and convincing evidence that at least one of sixteen factors applies to each parent.[8] In this case, the court found that R.C. 2151.414(E)(15) applied:
 The parent has committed abuse as described in section 2151.031 [2151.03.1] of the Revised Code against the child or caused or allowed the child to suffer neglect as described in section 2151.03 of the Revised Code, and the court determines that the seriousness, nature, or likelihood of recurrence of the abuse or neglect makes the child's placement with the child's parent a threat to the child's safety.
The trial court found that abuse occurred pursuant to R.C. 2151.031(C), as the parties stipulated at the dispositional hearing. As the court stated in its judgment entry, this section of the statute does not require a finding of fault on the part of either parent.[9] However, the appellant contends that in order to have made a finding that the abuse is likely to recur, the trial court would have had to find some fault with the parents.
At the hearing, the deposition testimony of Dr. John Liggett was offered. Dr. Liggett testified to the severity of Elijahwa's injuries, stating that they were initially life-threatening and that the child could expect developmental problems. He indicated that medical tests revealed evidence of previous incidences of abuse, specifically in the form of chronic bilateral subdural hematomas. Based on his diagnosis, Dr. Liggett wrote on his discharge summary that the case was clearly child abuse and that the child faced a risk of death if returned home.
Dr. Liggett testified that shaken or abused children are statistically at an increased risk of coming back to the hospital with more serious injuries or dead if returned to the situation where the abuse occurred. He intimated that, based on the time frame when the injuries could have transpired, they likely happened at the hands of one of the parents. Although Dr. Liggett admitted that he had no personal knowledge of whether either parent was the abuser, he stated that it was his professional opinion that the abuse happened with the parents and that the child should not be returned home.
Several of the caseworkers involved with Elijahwa's case also testified at the hearing. Caseworker Cathy Redman recommended that the child be returned to his parents. However, both Caseworker Stacy Steiner and Barb Reindel testified that they believed that a parent perpetrated the abuse. Ms. Steiner admitted that this was just her personal belief. However, Ms. Reindel stated that, although she had no evidence, her opinion was based (1) on the fact that the parents were the parties that last had access to the child, and (2) on her professional experience that abuse normally occurs at the hands of the primary care giver. Furthermore, all caseworkers testified that the appellant and Mr. Hogan refused to understand or acknowledge the seriousness and extent of Elijahwa's injuries, including the fact that he will need ongoing care as a result of them.
The appellant contends that because no abuser was ever specifically identified in this case, there is not clear and convincing evidence that abuse is likely to recur. To the contrary, we believe that the fact that no one has come forward to identify Elijahwa's abuser makes it more likely that abuse will persist because there is no evidence that the person who perpetrated this vicious attack will not again have access to the child. Furthermore, we believe that the evidence presented at the hearing was sufficient to produce in the mind of the trier of fact a firm belief that there is a threat to the child's safety if he is placed with either parent, due to the extent of the injuries and the likelihood of recurrence. Therefore, the trial court did not err in finding that the child should not be placed with either parent and that granting permanent custody to the ACCSB is in the child's best interest.
Accordingly, the appellant's sole assignment of error is not well-taken and is hereby overruled.
Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
WALTERS and BRYANT, JJ., concur.
[1] R.C. 2151.414(B)(1).
[2] In re Wingo (June 1, 2001), Ross App. No. 00CA2581, unreported.
[3] State v. Schiebel (1990), 55 Ohio St.3d 71, 74.
[4] Id.
[5] Jones v. Lucas Cty. Children Serv. Bd. (1988), 46 Ohio App.3d 85,86.
[6] Seasons Coal Co., Inc. v. City of Cleveland (1984), 10 Ohio St.3d 77,80.
[7] Emphasis added.
[8] R.C. 2151.414(E).
[9] In re Pitts (1987), 38 Ohio App.3d 1, paragraph two of the syllabus.