[Cite as *In re A.W.*, 2022-Ohio-1097.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## ASHTABULA COUNTY

| | |
|---|---|
| IN THE MATTER OF:<br><br>A.W., ABUSED CHILD | **CASE NO. 2021-A-0025**<br><br>Civil Appeal from the<br>Court of Common Pleas,<br>Juvenile Division<br><br><br>Trial Court No. 2021 JC 00015 |

**O P I N I O N**

Decided: March 31, 2022
Judgment: Affirmed

*Joseph K. Palazzo,* Kurt Law Office, LLC, 4770 Beidler Road, Willoughby, OH 44092 (For Appellant).

*Colleen M. O'Toole*, Ashtabula County Prosecutor, *Shelley M. Pratt*, Assistant Prosecutor, 25 West Jefferson Street, Jefferson, OH 44047 (For Appellee).

*Carol G. Grasgreen*, Carol G. Grasgreen & Associates Co., LPA, 5061 Glenn Lodge Road, Mentor, OH 44060 (Guardian Ad Litem).

JOHN J. EKLUND, J.

{¶1} Appellant, Lisa Savel, appeals following the denial of her Motion to Intervene and Motion for Temporary Custody of her grandchild, A.W., DOB 12/2/2020 by the Ashtabula County Court of Common Pleas, Juvenile Division.

{¶2} Appellant raises one assignment of error arguing that the trial court abused its discretion in denying the Motion to Intervene and Motion for Temporary Custody when the trial court did not at least hold a hearing on them.

{¶3} After review of the record and the applicable caselaw, we find appellant's assignment of error to be without merit. Appellant's Motion to Intervene and Motion for Temporary Custody failed to state a sufficient basis to allow intervention. Moreover, the trial court did not abuse its discretion in denying her motions as the trial court made the denials based upon evidence adduced at a Dispositional Hearing indicating appellant was one of three possible people who had caused harm to the abused child. The judgment of the Ashtabula County Court of Common Pleas, Juvenile Division is affirmed.

{¶4} On February 19, 2021, the Ashtabula County Children Services Board (ACCSB) filed a Verified Complaint and ex parte Motion for Temporary Custody in the Ashtabula County Court of Common Pleas, Juvenile Division. ACCSB alleged that A.W. was an abused child after he was hospitalized presenting with intermittent seizure-like activity, intercranial hemorrhage, tachycardia, and unequal pupils. This injury was characterized as non-accidental and consistent with "shaken baby syndrome." The trial court granted ACCSB temporary custody of A.W. and he was placed in the care of mother's cousin.

{¶5} On April 13, 2021, appellant, A.W.'s maternal grandmother, filed a Motion to Intervene and a Motion for Temporary Custody. Attached to the motion, appellant included an affidavit stating that she has "been very involved and active in my grandson's life since his birth, and I have been providing financial assistance in addition to baby supplies and equipment." She also stated that she can offer a "stable home environment" in "a great neighborhood" and that a "stable home environment is in A.W.'s best interests." She did not claim to have acted in loco parentis or to have exercised significant parental control over A.W. beyond being involved and active in his life.

2

{¶6} On April 21, 2021, the court held an adjudicatory hearing and found that A.W. was an abused child pursuant to R.C. 2151.031(B). Under R.C. 2151.031(B), an abused child includes any child who "[i]s endangered as defined in section 2919.22 of the Revised Code, except that the Court need not find that any person has been convicted under that section in order to find that the child is an abused child."

{¶7} On May 10, 2021, the court held a dispositional hearing pursuant to R.C. 2151.35(A)(1) to "hear the evidence as to the proper disposition to be made" for the child. At the hearing, all parties agreed that mother and father have complied with three of the four goals identified in the case plan. The terms of the case plan were that A.W.'s parents were to: (1) maintain sobriety; (2) have safe and stable housing and income with proof of residency; (3) complete a parenting class; and (4) cooperate with the investigation concerning A.W.'s injuries. The only unmet goal was for A.W.'s parents to cooperate with the investigation into A.W.'s injuries.

{¶8} At the dispositional hearing, ACCSB caseworker Christina Church testified that A.W. was removed from the household because he showed symptoms of "shaken baby syndrome." The medical records indicated that the injury was non-accidental. Church said that because mother and father had not cooperated with the investigation into A.W.'s injuries, ACCSB was seeking to maintain temporary custody and to continue placement of A.W. with mother's cousin. In addition, A.W.'s Guardian ad Litem recommended that temporary custody remain with ACCSB and that the court adopt the case plan with the requirement that the parents cooperate with the investigation.

{¶9} The basis for ACCSB's request for cooperation was "[d]ue to the extent of the injuries and to make sure that he's in a safe environment, we need to know how the

3

injuries occurred." Church said that no one besides mother, father, and appellant had been identified as potential perpetrators in the case. The only form of cooperation ACCSB was seeking was for mother and father to be "interviewed by the police."

**{¶10}** After the Dispositional Hearing, the magistrate issued a Decision granting legal custody to appellant with protective custody to ACCSB. The magistrate modified the case plan by removing the requirement that A.W.'s parents cooperate with the investigation into his injuries and added an additional goal of meeting A.W.'s basic emotional, educational, medical, dental, and mental needs. In that Decision, the magistrate also noted that appellant's Motion to Intervene had been granted without objection and that her motion for temporary custody was to be held in abeyance.

**{¶11}** ACCSB timely objected to the magistrate's Decision. Mother and father responded to the objections while appellant did not. The trial court reviewed the objections noting that A.W.'s injuries were non-accidental, that it was uncontroverted that the injuries occurred while the child was "in the care of Mother, Father and/or Maternal Grandmother. * * * It is implicit upon this record this child was injured via a culpable act." The court quoted *In re Pitts*, 38 Ohio App.3d 1, 5, 525 N.E.2d 814 (5th Dist.1987), and said that R.C. 2151.031 makes no reference to fault in finding that a child is abused but that the "'focus is upon harm to the child, not upon parental or custodial blame-worthiness.'"

**{¶12}** The court acknowledged that mother and father were opposed to the requirement to cooperate with the investigation claiming it would interfere with their Fifth Amendment rights against self-incrimination and that there is no evidence of parental fault. However, the court said that parental fault is not the issue. Rather, the ongoing safety of the child was the central focus.

4

{¶13} The court said there was no evidence to suggest that mother or father had personally asserted the Fifth Amendment right against self-incrimination but instead, the evidence indicated that mother and father had simply not engaged in any way with investigators. The court noted that mother and father are not required to cooperate with law enforcement and that such a decision "does not automatically implicate the Fifth Amendment rights of the parent. Such a decision also does nothing to impact this Court's responsibility to ensure the safety of this child. * * * At this point in these proceedings, the applicability of the Fifth Amendment has not been demonstrated to exist."

{¶14} The court found that A.W.'s placement with mother was "not a suitable dispositional option, and restoring custody to Mother with a grant of protective supervision to the agency is insufficient to assure the safety of this child." For the same reasons, the court found that "Father and Maternal Grandmother are also not suitable dispositional alternatives." Therefore, the court sustained ACCSB's objections and restored the requirement that mother and father cooperate with the investigation. The court also denied appellant's Motion to Intervene and Motion for Temporary Custody because the record established by the Dispositional Hearing indicated that she was not a suitable dispositional alternative to mother or father because she was one of the three people caring for A.W. at the time of his non-accidental injuries.

## Assignment of Error and Analysis

{¶15} Appellant timely filed this appeal raising a single assignment of error.

{¶16} "The trial court committed an abuse of discretion when it denied Appellant's Motion to Intervene."

5

**{¶17}** Appellant argues that the trial court's denial of her Motion to Intervene pursuant to Civ.R. 24(B) without a hearing was an abuse of discretion.

**{¶18}** Juv.R. 2(Y) defines a party as:

a child who is the subject of a juvenile court proceeding, the child's spouse, if any, the child's parent or parents, or if the parent of a child is a child, the parent of that parent, in appropriate cases, the child's custodian, guardian, or guardian ad litem, the state, and any other person specifically designated by the court.

**{¶19}** Civ. R. 24(B) governs permissive intervention and provides:

Upon timely application anyone may be permitted to intervene in an action: (1) when a statute of this state confers a conditional right to intervene; or (2) when an applicant's claim or defense and the main action have a question of law or fact in common. When a party to an action relies for ground of claim or defense upon any statute or executive order administered by a federal or state governmental officer or agency or upon any regulation, order, requirement or agreement issued or made pursuant to the statute or executive order, the officer or agency upon timely application may be permitted to intervene in the action. In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

**{¶20}** This Court has previously held that an order denying a motion to intervene is a final appealable order. *In re Goff*, 11th Dist. Portage No. 2001-P-0144, 2003-Ohio-6768, ¶ 10. When reviewing a denial of a motion to intervene, "the issue is whether the trial court abused its discretion." *Id.* at ¶ 11. "The term 'abuse of discretion' is one of art, connoting judgment exercised by a court which neither comports with reason, nor the record." *State v. Underwood*, 11th Dist. Lake No. 2008-L-113, 2009-Ohio-208 [2009 WL 1177050], ¶ 30, citing *State v. Ferranto*, 112 Ohio St. 667, 676-678 [148 N.E. 362] (1925)." *State v. Raia*, 11th Dist. Portage No. 2013-P-0020, 2014-Ohio-2707, 2014 WL 2881994, ¶ 9. Stated differently, an abuse of discretion is "the trial court's 'failure to exercise sound, reasonable, and legal decision-making.'" *Id.*, quoting *State v. Beechler*, 2d Dist. Clark No.

6

09-CA-54, 2010-Ohio-1900, 2010 WL 1731784, ¶ 62, quoting *Black's Law Dictionary* 11 (8th Ed.Rev.2004). "When an appellate court is reviewing a pure issue of law, 'the mere fact that the reviewing court would decide the issue differently is enough to find error[.] * * * By contrast, where the issue on review has been confined to the discretion of the trial court, the mere fact that the reviewing court would have reached a different result is not enough, without more, to find error.'" *Id.*, quoting *Beechler* at ¶ 67.

{¶21} Under Juv.R. 2(Y), appellant is not a party to the underlying proceedings. However, juvenile courts may use Civi.R. 24 "as a guide to the exercise of its discretion for joining parties" under Juv.R. 2(Y). *In re Goff*, at ¶ 10, citing *In re Byerly*, 11th Dist. Portage No. 97-P-0096, 1998 WL 684178 at *11 (Sept. 30, 1998). Appellant argues that she may intervene by virtue of Civ.R. 24(B), which provides that a nonparty may intervene when the nonparty's "claim or defense and the main action have a question of law or fact in common * * * in exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties."

{¶22} Appellant is A.W.'s grandmother. Grandparents have neither common law nor constitutional rights of association with their grandchildren. *Id.* at ¶ 15, citing *In re Whitaker*, 36 Ohio St.3d 213, 214, 522 N.E.2d 563 (1988), *In re Schmidt*, 25 Ohio St.3d 331, 336, 496 N.E.2d 952 (1986). However, grandparents may intervene when the "grandparents *have a legal right to or a legally protectable interest in custody or visitation* with their grandchild, where the grandparents have stood in loco parentis to their grandchild, or where the grandparents have exercised significant parental control over, or assumed parental duties for the benefit of, their grandchild." (Emphases in original). *Id.*

7

When such circumstances exist, the denial of a grandparent's motion to intervene "would constitute an abuse of discretion." *Id.*

**{¶23}** "'In loco parentis "exists when [a] person undertakes care and control of another in absence of such supervision by [the] latter's natural parents and in absence of formal legal approval * * *."'" *In re Jones-Dentigance*, 11th Dist. Portage No. 2005-P-0058, 2005-Ohio-5960, ¶ 15, quoting *In re Burmeister* (Apr. 14, 1999), 9th Dist. No. 19157, 1999 Ohio App. LEXIS 1721, at *11, 1999 WL 241219, citing Black's Law Dictionary (6 Ed.Rev.1990) 787. "In order to meet the definition of in loco parentis, a person must not only assume a dominant parental role, but must also be relied upon by the child for support. " *State v. Burgett,* 3d Dist. Marion No. 9–09–14, 2009–Ohio–5278, ¶ 23.

**{¶24}** In this case, we cannot find that the trial court abused its discretion by denying appellant's Motion to Intervene. Appellant's motion and supporting affidavit do not assert that she acted in loco parentis. She does not claim to have assumed a dominant parental role or to have exercised care and control of A.W. in the absence of his parents. Indeed, based upon her affidavit and aptly characterized by counsel's statements at oral argument, she could not have acted in loco parentis. Her role in A.W.'s life was described as that of a typical grandmother: being involved, providing financial assistance, baby supplies, and equipment. Although these actions are laudable, they are insufficient to demonstrate that she met the legal standard for having acted in loco parentis or having a legally protectable interest.

**{¶25}** Although appellant's asserted interest in A.W.'s custody is, in all likelihood, one based in a concern for his welfare, such a concern cannot be construed as a legal interest which falls within the ambit of Civ.R. 24(B). *See Id.* at ¶ 16; *See In re Hoffman*,

8

5th Dist. Stark No. 2002CA0419, 2003-Ohio-1241, ¶ 23. Based upon appellant's failure to assert a legally protectable interest for intervention in her motion by claiming to have stood in loco parentis or to have exercised significant parental control, the trial court did not abuse its discretion in denying her Motion to Intervene without a hearing.

{¶26} Next, were we to ignore appellant's failure to assert a sufficient claim to intervene, the trial court also offered a reasonable basis rooted in the best interest of A.W. for the denial of her Motion to Intervene and Motion for Temporary Custody. The evidence at the Dispositional Hearing indicated that A.W.'s injuries were non-accidental and occurred while A.W. was in the care of mother, father, and/or appellant. The court found that placement with mother, father, or appellant was not a suitable dispositional option to "assure the safety of this child." Therefore, based upon the record established at the Dispositional Hearing, the trial court did not abuse its discretion in denying appellant's Motion to Intervene and Motion for Temporary Custody.

{¶27} Accordingly, appellant's sole assignment of error is without merit.

{¶28} For the foregoing reasons, the judgment of the Ashtabula County Court of Common Pleas, Juvenile Division, is affirmed.


THOMAS R. WRIGHT, P.J.,

MARY JANE TRAPP, J.,

concur.


9

Case No. 2021-A-0025